UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:02-CR-078-TAV-DCP-4 |
| ALLEN YOUNG, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant has moved for a reduction in his term of imprisonment pursuant to the First Step Act [Doc. 1293; *see also* Docs. 1310, 1311, 1328, 1329, 1336, 1337, 1339, 1340]. Following the issuance of the Sixth Circuit's opinion in *United States v. Boulding*, 960 F.3d 774 (6th Cir. 2020), the government conceded that defendant is eligible for a sentence reduction under the First Step Act [*Compare* Doc. 1300, *with* Doc. 1334], and now defers to the Court's determination as to whether and to what extent a sentence reduction is warranted [Doc. 1334 p. 1, 6]. The Court holds that defendant is eligible for a reduction and that a reduction is warranted. Accordingly, it will **GRANT** defendant's motion [Docs. 1293] and reduce defendant's sentence to a sentence.

**I.     Background**

On December 15, 2003, a jury convicted defendant of three offenses: (1) conspiring to distribute and possess with the intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack cocaine"), in violation

of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) ("Count One"); (2) aiding and abetting the possession of firearms in furtherance of drug trafficking offense, in violation of 18 U.S.C. §§ 2 and 924(c) ("Count Two"); and (3) possessing ammunition having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) ("Count Seven") [Doc. 781].

At the time of sentencing, defendant was held responsible for 1.5 kilograms of crack cocaine [Presentence Investigation Report ("PSR") ¶ 56], resulting in a base offense level of 38 for the conspiracy conviction under the 2003 version of the United States Sentencing Commission's Guidelines Manual [*Id.* ¶¶ 73, 75]. As for the felon-in-possession offense, defendant's base offense level of 24 was enhanced to 37 as a result of his prior convictions for second-degree burglary and armed robbery, which rendered him a career offender [*Id.* ¶¶ 82, 89, 93, 94]. Pursuant to the multiple-count grouping provisions of the Guidelines, the defendant's total offense level was 38 [*Id.* ¶¶ 74, 90]. Because the defendant was a career offender, his criminal history category was VI [*Id.* ¶¶ 97–98]. Thus, his resulting guidelines range was 360 months to life imprisonment for the conspiracy and felon-in-possession counts, to be followed by a statutorily mandated consecutive term of at least 60 months' imprisonment for violating 18 U.S.C. § 924(c) [*Id.* ¶¶ 81, 127, 129].

On May 11, 2006, the Court sentenced the defendant to 420 months' imprisonment, consisting of a 360-month term on the conspiracy conviction, a consecutive 60-month term

2

Case 3:02-cr-00078-TAV-DCP   Document 1342   Filed 11/20/20   Page 2 of 13   PageID #: 2238

on the aiding-and-abetting conviction, and a 120-month term on the felon-in-possession conviction, to be served concurrently with the other terms [Doc. 781; *see also* Doc. 921].

Defendant now argues that his crack cocaine conspiracy conviction renders him eligible for a sentence reduction under the First Step Act, and states that granting him a reduction to a sentence within the new guideline range would result in a time served sentence [Doc. 1329]. The government has responded, acknowledging that, in light of *Boulding*, defendant is eligible for a sentence reduction and deferring to the Court's discretion whether and to what extent to grant a reduction, although it further submits that "little or no reduction is warranted here." [Doc. 1334 p. 5]. Defendant submitted several supplements [Docs. 1336, 1337, 1339, 1340; *see also* Docs. 1310, 1311, 1328]. This matter is ripe for resolution.

**II.     Analysis**

Defendant's motions present two questions. First, is defendant eligible for a sentence reduction under the First Step Act? Second, if he is eligible, is a reduction appropriate in defendant's case, and if so, to what extent?

**A.     Defendant's Eligibility for a Section 404 Reduction**

Once a Court imposes a sentence, its judgment is generally final with a few narrow exceptions. *Freeman v. United* States, 564 U.S. 522, 526 (2011); *see also* 18 U.S.C. § 3582(b) ("Notwithstanding [certain specified exceptions,] a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."). Section 404

3

of the First Step Act provides such an exception to the general rule against modifications to sentences. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). If a court imposed a sentence for a "covered offense," as defined in § 404(a), then on defendant's motion, the court "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." *Id.* § 404(b).

The court only lacks authority to entertain such a motion if the sentence was previously imposed or reduced under the Fair Sentencing Act of 2010 or if the court previously considered a § 404 motion on the merits and denied it. *Id.* § 404(c). Neither limitation applies to this defendant.

Thus, the question of eligibility turns on whether defendant's conviction for conspiring to distribute and possess with intent to distribute fifty (50) grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), qualifies as a covered offense. While the government initially argued that defendant's offense was not a covered offense [Doc. 1300], it now concedes that defendant's offense does qualify as a covered offense [Docs. 1329, 1334]. The Court agrees.

Section 404(a) defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." § 404(a). In *United States v.*

4

*Boulding*, the Sixth Circuit, joining all other circuits that have addressed the issue,[1] held that "eligibility for resentencing under the First Step Act turns on the statute of conviction alone." *United States v. Boulding*, 960 F.3d 774, 781 (6th Cir. 2020).

Here, as to Count One, defendant was convicted under 21 U.S.C. § 841(b)(1)(A), and the Fair Sentencing Act modified that statutory provision's penalties. Specifically, at the time of defendant's sentencing, this statutory provision imposed a mandatory minimum sentence of ten (10) years to drug offenses involving fifty (50) grams or more of cocaine base [PSR ¶ 126]. Yet, after the Fair Sentencing Act, as made retroactive by the First Step Act, the threshold quantity of crack cocaine necessary to trigger the mandatory penalties in § 841(b)(1)(A)(iii) is 280 grams. And although well over 280 grams of crack cocaine was attributed to defendant at sentencing [PSR ¶ 56 (concluding that defendant "should be held accountable for a minimum of 1.5 kilograms of cocaine base")], *Boulding* makes plain

---

[1] *United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) ("We join our sister circuits in holding that the phrase modifies 'federal criminal statute.'"); *United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019) ("We thus conclude that whether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted. If he was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'"); *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019) ("The First Step Act applies to offenses, not conduct, *see* First Step Act § 404(a), and it is McDonald's statute of conviction that determines his eligibility for relief . . . ." (citing *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019); *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019)); *Wirsing*, 943 F.3d at 185, *as amended* (Nov. 21, 2019) ("The most natural reading of the First Step Act's definition of 'covered offense' is that 'the statutory penalties for which were modified by [certain sections of the Fair Sentencing Act]' refers to 'a Federal criminal statute' rather than 'a *violation* of a Federal criminal statute.'"); *cf. United States v. Smith*, 954 F.3d 446, 448–49 (1st Cir. 2020); *United States v. Foley*, 798 F. App'x 534, 536 (11th Cir. 2020) ("Because the district court sentenced Foley under § 841(b)(1)(C), which was not modified by section 2 or 3 of the Fair Sentencing Act, Foley is not eligible for relief"); *United States v. Martinez*, 777 F. App'x 946, 947 (10th Cir. 2019) ("The Fair Sentencing Act had no effect on § 841(b)(1)(C) and, thus, Martinez's crime of conviction is not a 'covered offense' under the Act.").

that a defendant's specific conduct, including the drug quantity attributed to him beyond that found by the jury, is immaterial to the covered offense analysis. 960 F.3d at 781–82. Lastly, the Court notes that defendant committed this offense well before August 2, 2010 [PSR ¶¶ 46, 91 (noting that defendant's involvement in the conspiracy began sometime in the fall of 1999 and continued until March 11, 2002)]. Thus, defendant was convicted in Count One of a "covered offense." *See* § 404(a). He is thus eligible for a sentence reduction. *See Boulding*, 960 F.3d at 778–82.

### B. Imposing a Reduced Sentence in Consideration of the § 3553(a) Factors

A defendant's eligibility for a § 404 sentence reduction does not "require a court to reduce [his] sentence," § 404(c), and as follows from its limited authorization to impose a reduced sentence, the court's analysis is circumscribed. *See United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019) (per curiam). It must impose a reduced sentence "as if [the Fair Sentencing Act was] in effect at the time the covered offense was committed." § 404(b); *see also Alexander*, 951 F.3d at 708.

The Sixth Circuit has made clear that a defendant's eligibility for a reduction under Section 404 does not entitle him to a plenary resentencing. *Boulding*, 960 F.3d at 782; *Alexander*, 951 F.3d at 708; *United States v. Foreman*, 958 F.3d 506, 510 (6th Cir. 2020). Nevertheless, an eligible defendant is entitled to object to the district court's calculation of his amended guideline range, and he may also be entitled to object to the final reduced

6

sentence. *Boulding*, 960 F.3d at 784.[2]  Additionally, "courts may consider all relevant [§ 3553(a)] factors when determining whether to reduce a defendant's sentence under § 404," including the defendant's post-sentencing conduct. *United States v. Allen*, 956 F.3d 355, 357–38 (6th Cir. 2020); *cf. Boulding*, 960 F.3d at 784 (holding that First Step Act review "must include . . . renewed consideration of the 18 U.S.C. § 3553(a) factors").

Post *Boulding*, the parties agree that defendant's conspiracy offense would have been treated as a violation of 21 U.S.C. § 841(b)(1)(B), rather than § 841(b)(1)(A), and he would have been subject to statutory mandatory minimum of five (5) years, rather than ten (10) years [Doc. 1293 p. 6, 15–16; Doc. 1334 p. 4]. The parties also agree that the drug

---

[2] The Sixth Circuit in *Boulding* held that the district court "did not provide Boulding with an opportunity to present his objections to its calculation of his amended guideline range and in this respect, fell short of the resentencing review envisioned in the First Step Act." 960 F.3d at 784. Yet, the court seemed to suggest elsewhere that defendant might also have a right to object to the modified sentence, not just to the court's calculation of the guideline range. It noted that the "necessary review" includes an accurately calculated guideline range and "thorough renewed consideration of the § 3553(a) factors" and that a defendant is entitled to an "opportunity to present objections." *Id.* And, its conclusion echoed this broader statement of the holding, stating that First Step Act review must include an "accurate amended guideline calculation and renewed consideration of the 18 U.S.C. § 3553(a) factors" and that "a defendant seeking to present objections must be afforded an opportunity to do so." *Id.*

A broader reading of *Boulding*'s ruling appears in tension, however, with other recent Sixth Circuit opinions. *See, e.g.*, *United States v. Smith*, 958 F.3d 494, 498–99, 501 (6th Cir. 2020) (holding that sentence modifications under the First Step Act are analogous to sentence modifications under § 3582(c)(2), rejecting defendant's argument that he was entitled to a plenary resentencing, and finding that the district court sufficiently stated its reasons for the modified sentence using a form order); *Alexander*, 951 F.3d at 709 (affirming district court's order granting a sentence reduction and rejecting defendant's argument that he was entitled to present arguments at a sentencing hearing, arguments that he did not make in his motion for a sentence reduction, including the following: "the district court was unaware of or failed to understand its discretion to depart from the career offender range, he should have received a one-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b), and his post-offense rehabilitation and serious medical condition should have been considered").

7

quantity attributed to defendant at sentencing (i.e., 1.5 kilograms of crack cocaine [PSR ¶ 56]) corresponds to a base offense level of 32 [Doc. 1329 p. 3; Doc. 1334 p. 4 (citing USSG § 2D1.1(c)(4))] and that defendant does not satisfy the career offender criteria under the current version of the Guidelines [Doc. 1329 p. 3 (noting that defendant's classification relied upon a prior conviction for second degree burglary and that burglary convictions were removed as qualifying offenses in the 2016 version of the Guidelines); Doc. 1334 p. 4 (same) (citing USSG App'x C, amend. 789; USSG § 4B1.2(a)(2))]. The government also concedes that defendant would be exempt from "recency points," which had enhanced his criminal history category from III to IV [Doc. 1334 p. 4–5 (citing Doc. 1329 p. 3; PSR ¶¶ 95–97)]. Thus, if sentenced today, with the benefit of the Fair Sentencing Act's reduced statutory penalties and various amendments to the Guidelines, the parties agree that, at offense level 32 and criminal history category III, defendant's guideline imprisonment range for Count One would be 151 to 188 months, and when combined with the mandatory consecutive 60-month term for the § 924(c) offense, defendant's total guideline range would be to 211 to 248 months [Doc. 1329 p. 3; Doc. 1334 p. 5].

Defendant argues that a time-served sentence is appropriate in this case [Doc. 1329 p. 4]. He notes that he was arrested on March 11, 2002, and has remained in custody ever since; thus, a sentence within the new, agreed-upon guideline range would result in his being eligible for immediate release [Doc. 1329 p. 3]. In support, defendant discusses his post-sentencing rehabilitation. Specifically, he notes his work with UNICOR, which began in 2005 [Doc. 1293 p. 16; Doc. 1310 p. 18]. Records indicate that defendant's work

8

performance has been, in large part, above average [Doc. 1311-1 p. 19–20]. Defendant earned his GED in 2005 and has completed various other educational and vocational programs while incarcerated [Doc. 1293 p. 16; Doc. 1311-1 p. 2–7, 17–18, 27–41; Doc. 1328]. Defendant also notes his classification as a low recidivism risk by the Bureau of Prisons [Docs. 1336, 1336-1, 1339, 1340]. Defendant provides letters from supporters, including a letter from his mother that indicates defendant will have employment opportunities upon his release [Docs. 1337, 1337-1, 1339-1]. And defendant notes that his prior convictions underlying the career offender determination at his sentencing occurred when he was just eighteen (18) years old [Doc. 1310 p. 18; Doc. 1311-1 p. 8].

The government defers to the Court's discretion [Doc. 1334 p. 1, 6] though it appears to oppose a sentence reduction resulting in immediate release [*Id.* at 5 (arguing that "little or no reduction is warranted here.")]. The government repeatedly emphasizes that the drug quantity attributed to defendant would, "even after the Fair Sentencing Act, support a prosecution under 21 U.S.C. § 841(b)(1)(A) because it exceeds the current 280-gram threshold" [*Id.* at 5 (citing, *inter alia*, *Dorsey v. United States*, 567 U.S. 260, 276–79 (2012))]. With respect to the offense conduct, the government notes that trial testimony indicated that defendant purchased two (2) ounces of cocaine powder every week, personally cooked it into crack cocaine, and sold it in a public-housing project while strategizing with coconspirators and fellow Vice Lords gang members about expanding their distribution area [*Id.* at 5 (citing PSR ¶¶ 52–56)]. The government also discusses defendant's procurement of multiple firearms and ammunition for use by the gang and

9

defendant's possession of firearms and ammunition as a convicted felon [*Id.* at 5]. Additionally, the government notes that defendant committed the instant offenses shortly after being released from custody after a second parole revocation [*Id.* at 6 (citing PSR ¶¶ 94, 96)]. Lastly, the government acknowledges that defendant earned his GED while incarcerated and incurred a disciplinary sanction just once nearly ten (10) years ago [*Id.*].

Although factors similar to those that applied at the defendant's initial sentencing also apply here, the Court has considered these factors again in the context of the instant motion, including the nature and circumstances of defendant's offenses and his history and characteristics. Regarding the offense characteristics, the Court notes in particular that defendant's base offense level reflects his accountability for 1.5 kilograms of crack cocaine, a significant quantity of a highly dangerous substance and a quantity that would support a prosecution under 21 U.S.C. § 841(b)(1)(A) as amended by the Fair Sentencing Act [PSR ¶ 56]. The Court notes that defendant's offense conduct arose out of his gang involvement and whose purpose it was to control the drug trafficking in and around a Knoxville public housing project [*Id.* ¶ 46]. And as to this defendant in particular, evidence showed that he took steps to expand the gang's drug distribution to other areas of the community [*Id.* ¶ 54] and that he personally purchased cocaine powder, cooked it into crack cocaine at his residence, and sold the crack cocaine he manufactured to other gang members and drug addicted members of the community [*Id.* ¶ 53]. The Court also notes that numerous firearms were seized during law enforcement's investigation of the gang's criminal activities [*Id.* ¶ 59]. With respect to this defendant specifically, evidence showed

10

Case 3:02-cr-00078-TAV-DCP   Document 1342   Filed 11/20/20   Page 10 of 13   PageID #: 2246

that he personally possessed several firearms [*Id.* ¶ 62] and, as part of his duties as the "War Chief" of the gang, purchased ammunition and firearms for the gang's collective use [*Id.* ¶ 63]. For these reasons, the Court finds that defendant's offenses are serious.

Regarding defendant's history and characteristics, the Court begins by noting defendant's criminal history, which includes a second-degree burglary conviction and two (2) armed robbery convictions. These offenses, all of which occurred when defendant was eighteen (18) years old, resulted in defendant being classified as a career offender at sentencing [*Id.* ¶¶ 93, 94, 97, 98]; however, as discussed by the parties, defendant does not satisfy the career-offender criteria in the current version of the Guidelines. The Court notes that defendant is currently fifty-one (51) years old and has been in custody since his arrest on March 11, 2002. The Court's review of defendant's SENTRY report and other documents supplied by defendant indicates that defendant's post-sentencing conduct has been commendable. Defendant earned his GED and has successfully completed numerous educational and vocational courses and, as the government points out [Doc. 1334 p. 6], defendant has incurred only one disciplinary sanction, which occurred in 2011. Defendant has also submitted a "Prisoner Assessment Tool Targeting Estimated Risk and Needs" performed by the Bureau of Prisons pursuant to the First Step Act and which categorizes defendant's risk level as "low" [Doc. 1340].

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the

11

defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a). Further, the Court has considered the kinds of sentences available and the sentencing range (151 to 188 months as to Count One and 211 to 248 months total) and the need to avoid unwarranted disparities. *Id.*

After considering the parties' arguments, the relevant § 3553(a) factors, and applicable sentencing guidelines, the Court finds a reduction in the defendant's sentence to be appropriate. The Court notes that defendant has served approximately 224 months' imprisonment, which falls within defendant's guideline range as calculated by the Court, and the Court further notes the sentencing judge in 2006 imposed a within guidelines sentence at the time. For the reasons discussed, the Court finds that a sentence of time served, a guidelines sentence, will afford adequate specific deterrence and protect the public from defendant's commission of future crimes. Such a sentence is will be "sufficient, but not greater than necessary" to reflect the seriousness of the offenses, afford adequate general deterrence, promote respect for the law, and provide just punishment. § 3553(a). Accordingly, the Court will reduce defendant's sentence to a sentence of time served.

### III. Conclusion

For the reasons discussed, the Court will **GRANT** defendant's motion [Doc. 1293] for a reduction of his term of imprisonment under the First Step Act. Defendant's term of

12

imprisonment is reduced to time served.³  All other provisions of the judgment dated May 15, 2006 [Doc. 921], shall remain in effect.  An amended judgment will be filed in this case.

 IT IS SO ORDERED.

            s/ Thomas A. Varlan
            UNITED STATES DISTRICT JUDGE

---

³ In light of the possibility that the Sixth Circuit's holding in *Boulding* requires this Court to provide defendant an opportunity to object to the modified sentence, even though defendant and the Court agree on the new guidelines range, defendant shall have up to and including ten (10) days from the entry of this order to file objections to the modified sentence pronounced here. Although the *Boulding* court stated that "a written presentation or an oral argument" could provide defendant a sufficient opportunity to object, it did not offer any additional guidance as to the form a written presentation might take or the appropriate time to provide for objections before the modified sentence became final.  The Court believes requiring written objections within ten (10) days will provide due process as envisioned in *Boulding*.